IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN ADMIRALTY

DAMERA ELSABET GIRMAY,

    Plaintiff,

v.                                                            CASE NO.: 0:25-cv-60661-WPD

M/Y EALU, a 1995 model 132 foot Northcoast motor yacht, MMSI No. 376093000, her engines, tackle, dinghies, and appurtenances, *in rem*, and EALU MI LLC, as employer of DAMERA ELSABET GIRMAY and owner of the M/Y EALU, *in personam*,

    Defendants.
_____/

**DEFENDANT'S MOTION TO DISMISS FOR *FORUM NON CONVENIENS* AND SUPPORTING MEMORANDUM OF LAW**

EALU MI LLC., ("EALU" or "Owner") by restricted appearance pursuant to Supplemental Admiralty Rule E(8), as owner of the M/Y EALU, hereby files its Motion to Dismiss for *Forum Non Conveniens*, and states as follows:

**INTRODUCTION**

On April 7, 2025, Plaintiff filed her Complaint alleging *in rem* counts for alleged unseaworthiness and failure to provide maintenance and cure benefits against the M/Y EALU (the "vessel"), based on an alleged sexual assault that took place while the vessel was docked in Antigua. [D.E. 1]. Within her Complaint, Plaintiff also alleges *in personam* counts for Jones Act negligence and failure to pay maintenance and cure against the vessel owner, EALU MI LLC.

This matter should be dismissed pursuant to the doctrine of *forum non conveniens* because the factual circumstances involved are unrelated to Florida, will be a burden on this Court, and

will be unnecessarily costly for the parties involved. All the witnesses directly involved are foreign, and all the events that give rise to this lawsuit occurred in Antigua. Specifically:

a. The alleged sexual assault incident occurred onboard the vessel while it was docked in Antigua.

b. EALU MI, LLC, the vessel owner, is a company organized under the laws of the Marshal Islands with a registered address of Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Republic of the Marshall Islands MH 96960.

c. Maurice Byrne, the sole manager of EALU MI LLC., is a citizen of Canada and Ireland, and a Canadian resident.

d. The subject vessel is flagged in the Bahamas.

e. Plaintiff was hired pursuant to a Seafarer Employment Agreement with EALU MI LLC., a Marshall Islands Company.

f. The Seafarer Employment Agreement was executed by Plaintiff in English Harbour, Antigua, West Indies, and has a repatriation destination of England for Plaintiff. The law to be applied to contractual and non-contractual disputes is the law of the flag state, the Bahamas.

g. The alleged perpetrator of the sexual assault is from St. Maarten.

h. At the time of the alleged sexual assault, the alleged perpetrator was working pursuant to a Seafarer Employment Agreement with EALU MI LLC., with repatriation in St. Maarten.

i. The alleged incident was investigated by law enforcement in Antigua.

j. The subject vessel does not engage in charters within the United States, as all charters take place in the Caribbean and the British Virgin Islands.

k. Plaintiff joined the Vessel on December 18, 2024 (ten days prior) and had never been on the Vessel in U.S. Waters.

l. EALU MI LLC. has no base of operations in the United States.

*See Declaration of Maurice Byrne*, attached hereto as **Exhibit 1.**

Based on the foregoing, and for reasons further explained below, the Court should dismiss the Plaintiff's Complaint based on *Forum Non Conveniens*.

## MEMORANDUM OF LAW

### I.  Standard

"*Forum non conveniens* is a common law doctrine addressing the problem that arises when a local court technically has jurisdiction over a suit, but the cause of action may be fairly and *more conveniently* litigated elsewhere." *Kinney Sys. Inc. v. Continental Ins. Co.*, 674 So.2d 86, 87 (Fla. 1996) (emphasis added) (footnote omitted). Whether to dismiss an action based on the doctrine of *forum non conveniens* rests within the sound discretion of the court. *See Perforaciones Exploracion y Produccion v. Maritimas Mexicanas, S.A.*, 356 F. App'x 675 (5th Cir. 2009).

A *forum non conveniens* dismissal is appropriate where: (1) the court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case; (2) the court finds that all relevant factors of private interest favor the alternate forum; (3) if the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and (4) the plaintiffs can reinstate their suit in the alternate forum without undue inconvenience of prejudice. *Beaman v. Maco Caribe, Inc.*, 2011 WL 2307668 (S.D. Fla. 2011) (citing Wilson v. Island Sea Invs., Ltd, 590 F.3d 1264, 1269 (11th Cir. 2009)); *see also, Leon v. Million Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001). A trial court may dismiss a suit over which it would normally have jurisdiction "if it best serves the convenience of the parties and the ends of justice." *Kamel v. Hill-Rom Co., Inc.*, 108 F.3d 799, 802 (7th Cir. 1997). As a "tool with which courts can attack these vexing jurisdictional questions, separating out for hearing only those cases where contacts with the American forum predominate," the application of the doctrine "**is to be favored**." *Sigalas v. Lido Maritime, Inc.*, 776 F.2d 1512, 1519 n. 10 (11th Cir. 1985) (emphasis added).

### A. Antigua is an Adequate Alternative Forum.

The first requirement for dismissal based on *forum non conveniens* is the existence of a viable alternative forum. "An adequate forum need not be a perfect forum." *Satz v. McDonnell Douglas Corp.*, 244 F.3d 1279, 1283 (11th Cir. 2001). To be "available," a forum must be able to assert jurisdiction, typically satisfied by a defendant's amenability of service. *Id.* at 1282. Here, Defendant respectfully stipulates that it is amenable to process in Antigua, where the alleged incident occurred. Defendants also stipulate to the waiver of any applicable time bar or statutes of limitations defense. To be "adequate," a forum must be capable of providing some relief for a plaintiff's claims. *See, e.g., Tyco Fire and Sec., LLC v. Alcocer*, 218 Fed. Appx. 860, 865 (11th Cir. 2007). This "some relief" need not be perfect, so long as it is something more than "no remedy at all." *Satz, supra*, 244 F.3d at 1283 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. at 254, n.22 (1981)).

Significantly, this Court has already determined, in a separate matter, that Antigua qualifies as an adequate alternate forum in maritime tort cases involving non-U.S. parties and incidents occurring within Antiguan territory. In *In re Petition of Libertad 54, Ltd.*, Case No. 11-23201-Civ-COOKE/TORRES (S.D. Fla. Jan. 28, 2016), the Southern District of Florida considered a maritime tort action arising from an incident aboard a foreign-flagged vessel, involving non-U.S. parties, with conduct occurring in Antiguan waters. There, the moving parties argued that Antigua was an appropriate forum because:

- The events giving rise to the claims occurred in or near Antiguan territorial waters;
- The matter involved foreign parties and foreign entities, none of whom were domiciled in the United States;
- Antigua had jurisdiction over the dispute and recognized causes of action for tort-based claims, including those involving personal injuries;

- The plaintiffs could pursue meaningful relief under Antiguan law, including through civil proceedings;
- Litigating the case in the United States would impose significant burdens on this forum and require applying foreign law to conduct that occurred abroad.

*See generally, In re Petition of Libertad 54, Ltd.*, Case No. 11-23201-Civ-COOKE/TORRES (S.D. Fla. Oct. 11, 2011), ECF No. 23

After full briefing and a hearing, the Court expressly agreed, holding: "For the reasons stated at the Motion Hearing on January 20, 2016, Antigua is the appropriate forum for this matter." *See Order Granting Defendants' Motions to Dismiss*, attached hereto as **Exhibit 2.** Although the Court's full reasoning was delivered orally during the hearing, the written order confirms that the Court necessarily determined Antigua to be both available and adequate. Defendant respectfully submits that this decision carries persuasive weight, especially given that the matter involved a maritime dispute involving a foreign-flagged vessel, foreign litigants, and conduct occurring in Antigua.

Here, no U.S. authorities were involved. The vessel is flagged in the Bahamas, and the owning entity is a company organized under the laws of the Marshall Islands that operates charters solely in the Caribbean and British Virgin Islands. Moreover, the subject incident giving rise to this action undisputably occurred in Antigua. Accordingly, and based on the foregoing legal authority, Antigua is clearly an adequate alternative forum.

**B. The Private Interest Factors Favor Dismissal.**

The second aspect of the analysis requires that the weight of private and public interests weigh against a plaintiff's original choice of forum. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *Leon v. Million Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001). The private interests to consider include all "practical problems that make trial of a case easy, expeditious and

inexpensive." *Id*. Courts have identified "four broad practical concerns: adequate access to evidence and relevant sites, adequate access to witnesses, adequate enforcement of judgments, and the practicalities and expenses associated with the litigation." *Perforaciones Exploración y Producción v. Maritimas Mexicanas, S.A.*, 356 F. App'x 675 (5th Cir. 2009).

Here, the private interest factors weigh heavily towards dismissal. Plaintiff alleges causes of action stemming from an alleged incident that occurred while the subject vessel was docked in Antigua. The vessel has never engaged in any charter within the United States. Moreover, EALU MI LLC. has no offices or employees in the United States. Furthermore, a majority (if not all) of the evidence and key witnesses are located outside of the United States. Key fact witnesses involved in the subject incident are located all over the world (e.g., crew, alleged assailant, human resources, vessel owner) and are non-U.S. Citizens.

"[R]elative ease of access to evidence" is an important private interest factor. *Perforaciones Exploración y Producción v. Maritimas Mexicanas, S.A.*, 356 F. App'x 675 (5th Cir. 2009); *see also*, *Scotts Co. v. Hacienda Loma Linda*, 942 So. 2d 900 (Fla. 3d DCA 2006) (granting *forum non conveniens* dismissal where the evidence and the vast majority of the witnesses . . . [were] located in Panama."); *Kawasaki Motors Corp. v. Foster*, 899 So. 2d 408 (Fla. 3d DCA 2005) (granting *forum non conveniens* where none of the parties, witnesses, or evidence had any connection to Miami-Dade); *Calvo v. Sol Melia, S.A.*, 761 So. 2d 461 (Fla. 3d DCA 2000) (granting *forum non conveniens* dismissal where the witnesses, accident site, and evidence were all in the Dominican Republic).

The foregoing practical problems will make trial in this District difficult, lengthy, and expensive for all parties involved. *See Leon v. Million Air, Inc.*, 251 F.3d 1305 at 1311 (11th Cir. 2001). Moreover, in addressing the deference afforded to a foreign plaintiffs forum selection, the

U.S. Supreme Court in *Piper Aircraft* stated, "[t]he American courts, which are already extremely attractive to foreign plaintiffs, would become even more attractive [if greater deference were given to foreign plaintiffs]. The flow of litigation into the United States would increase and further congest already crowded courts." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981). Therefore, "failure to account for this presumption when balancing the private interests is an abuse of discretion." *Tyco Fire and Sec., LLC v. Alcocer*, 218 Fed. Appx. 860, 866 (11th Cir. 2007).

    **C. Public Interest Factors Favor Dismissal to Antigua.**

The United States and the State of Florida have no interest in providing a forum for this dispute. Courts consider the following public interest factors: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of law, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft*, 454 U.S. at 241 n. 6.

The incident was investigated by the Antiguan Authorities who have a vested interest in resolving potential crimes occurring within their country. Just this month, this Court noted that "the Southern District of Florida has one of the busiest dockets in the country," reinforcing the importance of judicial economy in cases with minimal connection to this District. *Klapperick v. Island Hotel Ltd.*, No. 24-62324-CIV-SMITH, 2025 U.S. Dist. LEXIS 133740, at *10 (S.D. Fla. July 11, 2025) (citing *Beaman v. Maco Caribe*, Inc., 790 F. Supp. 2d 1371, 1379-1380 (S.D. Fla. 2011). Here, every meaningful connection, such as witnesses, evidence, investigation, and the site of the alleged tort, points to Antigua. Florida has no legitimate public interest in adjudicating an alleged foreign tort involving foreign parties aboard a foreign-flagged vessel. Antigua, on the other

hand, has a sovereign interest in resolving an alleged sexual assault that occurred entirely within its territory. Therefore, the public interest factors, particularly judicial economy and local governance, strongly favor dismissal.

### D. Reinstatement of this Matter in Antigua

The final factor of the *forum non conveniens* analysis considers whether the suit can be reinstated in the new forum without undue inconvenience or prejudice. *See GDG Acquisitions, LLC*, 749 F.3d at 1028-29. A dismissal of this case would certainly not prejudice the Plaintiff as she may refile in Antigua because that is the site of the alleged incident, and Antigua is an adequate forum to adjudicate the lawsuit. Moreover, Defendant respectfully stipulates and affirmatively asserts that it is amenable to service in Antigua and that it waives any applicable statute of limitations or time bar defense.

WHEREFORE, Defendant respectfully requests that this Honorable Court grant its motion and Dismiss for *Forum Non Conveniens*, in addition to any further relief as this court deems just and proper.

Respectfully submitted,

**McALPIN FLOREZ MARCOTTE, P.A.**
80 S.W. 8th Street, Suite 2805
Miami, Florida 33130
(305) 810-5400 Tel.
(305) 810-5401 Fax

By: */s/ Richard J. McAlpin*
Richard J. McAlpin
Florida Bar No.: 438420
RMcAlpin@McAlpinConroy.com
George S. Florez
Florida Bar No.: 127331
GFlorez@mfm-maritime.com
Julie C. Cohen
Florida Bar No.: 1058629

CASE NO.: 0:25-cv-60661-WPD
Page No: 9

JCohen@mfm-maritime.com
DDuran@mfm-maritime.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on July 22, 2025, a true copy of the foregoing is being served by email on all counsel of record identified on the attached Service List.

By: */s/ Richard J. McAlpin*
Richard J. McAlpin

## SERVICE LIST

**Adam B. Cooke**
Fowler White Burnett, P.A.
200 East Las Olas Boulevard
Suite 2000 - PH B
Fort Lauderdale, FL 33301
954-377-8118
Fax: 954-377-8100
Email: acooke@fowler-white.com
*Counsel for Defendants*

**John Michael Pennekamp**
Fowler White Burnett, P.A.
201 South Biscayne Boulevard, 20th Floor
Miami, FL 33131
305-789-9200
Email: jmp@fowler-white.com
*Counsel for Defendants*

**Adria G Notari**
NOTARI LAW, P.A.
1820 SW 14th Ct
Fort Lauderdale, FL 33312
954-257-9028
Fax: 954-231-1128
Email: anotari@notarilaw.com
*Counsel for Plaintiff*