IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN ADMIRALTY

DAMERA ELSABET GIRMAY,

    Plaintiff,

v.                                                            CASE NO.: 0:25-cv-60661-WPD

M/Y EALU, a 1995 model 132 foot Northcoast motor yacht, MMSI No. 376093000, her engines, tackle, dinghies, and appurtenances, *in rem*, and EALU MI LLC, as employer of DAMERA ELSABET GIRMAY and owner of the M/Y EALU, *in personam*,

    Defendants.
_____/

## UNOPPOSED MOTION FOR RELEASE OF VESSEL

Defendant, EALU MI LLC, the owner of the M/Y EALU (the "Vessel"), by and through undersigned counsel and pursuant to Supplemental Rule E (5) and the Local Admiralty Rule E (8), hereby requests that this Honorable Court enter an Order directing the United States Marshal for the Southern District of Florida to release the Vessel from arrest, and in support thereof, states:

### FACTUAL AND PROCEDURAL BACKGROUND

1. On April 7, 2025, Plaintiff filed a Complaint against Defendant, alleging damages related to a sexual assault. [D.E. 1].

2. Within her Complaint, Plaintiff requested a Warrant for Arrest of the Vessel. [D.E. 1 at 7].

3. On April 21, 2025, the Court issued a Warrant of Arrest of the M/Y EALU. [D.E. 15].

4. The Vessel was arrested the following day [D.E. 16], and it has been under arrest ever since.

5. On April 25, 2025, Defendant filed a Verified Claim of Owner of the Vessel. [D.E. 17].

6. On July 25, 2025, the Parties appeared before this Honorable Court on Defendant's Motion to Permit Repairs to M/Y Ealu and Accept Security to Release Vessel from Arrest. [D.E. 71].

7. The Court subsequently entered an Order stating that "[t]he total release bond, including costs and interest, for the M/Y EALU is set at one million dollars (USD $1,000,000), adding that ***[u]pon the posting of the bond, the Marshals shall release the vessel***." [D.E. 73].

8. On August 6, 2025, pursuant to Supplemental Rule E(5), the Defendant obtained a Bond issued by U.S. Specialty Insurance Company, Surety ("Surety") in the amount of ONE MILLION (US$1,000,000.00) DOLLARS, inclusive of interest and cost. The Bond is attached hereto as **EXHIBIT 1**.

9. Therefore, Defendant, on behalf of the Vessel *in rem*, respectfully requests that this Honorable Court enter an Order directing immediate release of the Vessel in accordance with its July 28, 2025, Order. [D.E. 73].

## MEMORANDUM OF LAW

I.     **The Bond Stands as Security for the Vessel *in rem*.**

The release bond is designed to stand as a substitute for the Vessel itself as the *res*. *See Alyeska Pipeline Service Co. v. Vessel Bay Ridge*, 703 F.2 381, 1983 AMC 2719 (9th Cir. 1983) (holding that a Plaintiff's *in rem* maritime lien for the claims alleged against the vessel are transferred to the security posted). After a vessel has been arrested, the owner can secure its release by posting a special bond, thereby, giving the plaintiff pre-judgment security to satisfy any potential judgement against the *in rem* vessel. *See Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd*., 460 F.3d 434, 436 (2d Cir.2006) (holding that it is within the District Court's power to vacate any arrest or attachment of an arrested vessel upon plaintiff's receipt of security from the defendant).

Pursuant to Admiralty Rule E(5):

> (a) *Special Bond*. Whenever process of maritime attachment and garnishment or process *in rem* is issued the execution of such process shall be stayed, or the property released, on the giving of security, to be approved by the court or clerk, or by stipulation of the parties, conditioned to answer the judgment of the court or of any appellate court. The parties may stipulate the amount and nature of such security. In the event of the inability or refusal of the parties so to stipulate the court shall fix the principal sum of the bond or stipulation at an amount sufficient to cover the amount of the plaintiff's claim fairly stated with accrued interest and costs; but the principal sum shall in no event exceed (i) twice the amount of the plaintiff's claim or (ii) the value of the property on due appraisement, whichever is smaller. The bond or stipulation shall be conditioned for the payment of the principal sum and interest thereon at 6 percent per annum.

Security for claims against an *in rem* defendant are designed to secure the *in rem* claim. *See State v. Kition Shipping Co., M.D.La*. No. 08-77-A-M2, 2009 U.S. Dist. LEXIS 55498, (May 4, 2009). The security takes the place of the arrested *res*, releasing it from any arrest or attachment. *Id.*

Defendant has properly obtained a Bond in the amount ordered by the Court. Additionally, Defendant has filed a verified claim of owner. *See* ¶ 5 (supra). "For purposes of *in rem* jurisdiction, a "claim of owner" is a verified document filed by a claimant stating its possessory interest in a vessel, and demanding restitution and the right to defend the vessel." *State v. Kition Shipping Co*, at *21.

Here, the Bond meets all the perquisites warranting acceptance by the Court. The Bond provides sufficient guarantee by the Surety on behalf of the *in rem* defendant. *See Chiquita Internatl., Ltd. v. MV Bosse*, 518 F.Supp.2d 589, 591 (S.D.N.Y.2007) (holding that the District Court can discharge any arrest or attachment of the *in rem* party upon defendant providing plaintiff with security to cover any judgment against the *in rem* party). Now that the formal Bond has been posted, Defendant respectfully requests the immediate release of the Vessel.

**WHEREFORE**, Defendant, on behalf of the Vessel *in rem,* respectfully requests that this Honorable Court enter an Order directing immediate release of the Vessel and that the Bond stands in lieu of the Vessel, in addition to any relief the Court deems just and proper.

## CERTIFICATE OF CONFERRAL

Plaintiff does not object to the relief sought by Defendant. Moreover, undersigned counsel has conferred with counsel for Sea Dreams Marine LDC (which filed a statement of interest on July 31, 2025). Counsel for Sea Dreams Marine LDC has advised that there is no objection to the relief sought.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 7, 2025, the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ George S. Florez*
George S. Florez, Esq.

## SERVICE LIST

**Adria G Notari**
NOTARI LAW, P.A.
1820 SW 14th Ct
Fort Lauderdale, FL 33312
954-257-9028
Fax: 954-231-1128
Email: anotari@notarilaw.com
*Counsel for Plaintiff*

**Adam B. Cooke**
Fowler White Burnett, P.A.
200 East Las Olas Boulevard
Suite 2000 - PH B
Fort Lauderdale, FL 33301
954-377-8118

Fax: 954-377-8100
Email: acooke@fowler-white.com
*Counsel for Defendants*

**John Michael Pennekamp**
Fowler White Burnett, P.A.
201 South Biscayne Boulevard, 20th Floor
Miami, FL 33131
305-789-9200
Email: jmp@fowler-white.com
*Counsel for Defendants*

**MIRAGE YACHT INC.**
Mazyer Hatami
1960 SW 27th Ave
Miami, FL 33145
Email: info@estefanolaw.com
*Substitute Custodian*