UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-60661-WPD

DAMERA ELSABET GIRMAY,

    Plaintiff,

v.

M/Y EALU, a 1995 model 132 foot
Northcoast motor yacht, MMSI No. 376093000,
her engines, tackle, dinghies, and appurtenances,
in rem, and EALU MI LLC, as employer of
DAMERA ELSABET GIRMAY and owner
of the M/Y EALU, in personam

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FORUM NON CONVENIENS

THIS CAUSE is before the Court on Defendant EALU MI LLC ("Defendant")'s Motion to Dismiss for Forum Non Conveniens, filed herein on July 22, 2025. [DE 67]. The Court has carefully considered the Motion, the Response, filed on August 8, 2025, [DE 76], and the Reply, filed August 12, 2025 [DE 79] and is otherwise fully advised.

    **I.**    **BACKGROUND**

On April 4, 2025 Plaintiff, Damera Elsabet Girmay, ("Plaintiff" or "Girmay") brought this action *in rem* against the M/Y EALU (the "Vessel") and *in personum* against EALU MI LLC, ("Defendant") owner of the Vessel. Girmay alleges she was sexually assaulted by another Vessel employee on December 28, 2024, while aboard the Vessel. [DE 1]. She brings *in rem* claims against the Vessel for unseaworthiness (Count I), and maintenance and cure (Count II), and *in personam* counts against EALU MI, LLC for Jones Act negligence (Count III), unseaworthiness

1

(Count IV), and failure to pay maintenance and cure (Count V). *See generally* [DE 1]. Pursuant to general maritime law, Plaintiff sought and obtained an arrest warrant for the Vessel, which had entered Fort Lauderdale waters. *See* [DE 3, 12]. The Vessel was arrested [DE 16] and held by a substitute custodian from April 22, 2025, through August 8, 2025, when Defendant posted the Court-approved bond amount of one million dollars. [DE 77, 78]. Defendant EALU MI LLC now seeks dismissal on the grounds of *forum non conveniens*. Defendant argues that Antigua, where the Vessel was docked when the alleged assault occurred, is a more appropriate forum. Upon careful consideration of the briefing and accompanying attachments, the Court finds dismissal on *forum non conveniens* grounds is inappropriate, and the motion is denied.

## II.     STANDARD OF LAW

Under the doctrine of *forum non conveniens*, "when an alternative forum has jurisdiction to hear a case, and when trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience, or when the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems, the court may, in the exercise of its sound discretion, dismiss the case." *Am. Dredging Co. v. Miller,* 510 U.S. 443, 447–48 (1994) (cleaned up). Defendant bears a "heavy burden in opposing the plaintiff's chosen forum." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping,* 549 U.S. 422, 430 (2007). The burden is even higher if the plaintiff is a U.S. citizen, as in this case.[1] *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.,* 382 F.3d 1097, 1101 (11th Cir. 2004). Indeed, to overcome the strong presumption in favor of a U.S. citizen's choice of a U.S. forum, there must be "positive evidence of unusually extreme circumstances", and the Court should be

---

[1] Plaintiff alleges she is a citizen of the United States and the United Kingdom and is domiciled in the United Kingdom. [DE 1] ¶ 4.

"thoroughly convinced that material injustice is manifest" before denying U.S. citizens access to this country's courts. *Id.*

### III. DISCUSSION

To obtain dismissal for *forum non conveniens,* Defendant must demonstrate that "(1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." *Leon v. Million Air, Inc.,* 251 F.3d 1305, 1310–11 (11th Cir. 2001). The Court addresses each prong, in turn.

   a. *Availability and Adequacy of an Alternative Forum*

"Availability and adequacy warrant separate consideration." *Leon*, 251 F.3d at 1311. An alternative forum is available simply "when the defendant is amenable to process in the other jurisdiction." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255 n. 22 (1981) (quotation omitted). But the Court must also consider whether remedy offered in the other forum is adequate. *Id.* A remedy is inadequate when it is amounts to "no remedy at all." *Piper*, 454 U.S. at 254.

While Defendant has consented to suit in Antigua—satisfying the "availability" prong—Defendant has not provided evidence to support its contention that the remedy to be provided in Antigua would be adequate.[2] Ordinarily a Defendant arguing *forum non conveniens* will produce an affidavit from a lawyer admitted to practice in that alternate forum, asserting that if the claims were dismissed, the plaintiff could bring the same claims in the alternate forum. *See Pinder v. Moscetti,* 666 F. Supp. 2d 1313, 1318 (S.D. Fla. 2008) ("*Forum non conveniens* motions are usually accompanied with affidavits establishing the availability and adequacy of the alternate

---

[2] Defendant improperly claims the burden is on Plaintiff to show that Antigua is *inadequate*, stating in its Reply, "Plaintiff . . . does not meet the burden of showing that the foreign forum is genuinely unavailable." In fact, a "defendant has the burden of persuasion as to all elements of a *forum non conveniens* motion." *Leon,* 251 F.3d at 1311.

forum and the inconvenience of litigation in the forum chosen by the plaintiff."); *Zelaya v. De Zelaya,* 250 Fed. Appx. 943, 947 (11th Cir. 2007) (reversing dismissal for *forum non conveniens* for lack of evidentiary support). Defendant has not produced any such affidavit, nor any evidence to suggest that Antigua provides a comparable civil remedy to seafarers for sexual assault under maritime law. Nor does Defendant explain how any Antiguan procedure would accommodate *in rem* proceedings or provide an equivalent to the arrest already accomplished in this Court. Defendant also does not show that a U.S. seafarer with no connection to Antigua could access its courts or afford to litigate there.[3]

While Defendant relies upon *In re Petition of Libertad 54, Ltd.*, Case No. 11-23201-Civ-COOKE/TORRES (S.D. Fla. Oct. 11, 2011), in which the Court determined Antigua was an adequate alternative forum in a maritime case, this case is unpersuasive. Defendant must demonstrate that Antiguan law would provide an adequate remedy for the claims and factual background alleged *in this case*, which differ from those in *Libertad*.

Accordingly, the Court finds Defendant has not met its burden to show that Antigua is an adequate alternative forum.

---

[3] Defendant asserts in its Reply that "to the extent this Honorable Court requires that Defendant submit a declaration from Antiguan counsel. . . Defendant submits that it can expeditiously provide such declaration for the Court's review and convenience." Defendant does not move to file such a declaration, nor does Defendant attach any such declaration to its Reply, which the Court could have considered if it gave Plaintiff the opportunity to file a surreply. *See Atl. Specialty Ins. Co. v. Digit Dirt Worx, Inc.*, 793 F. App'x 896, 901–02 (11th Cir. 2019). Instead, Defendant invites this Court to ask Defendant for additional evidence in support of its own position. The Court declines this invitation. "[T]he onus is upon the parties to formulate arguments." *Hewlett-Packard Co. v. CP Transp., LLC*, 2012 WL 4795766, *2 (S.D. Fla. Oct. 9, 2012) (quotation omitted). Thus, Defendant has waived its opportunity to provide such a declaration. Even if Defendant had provided such a declaration, Defendant's motion is denied based upon independent grounds discussed below.

      b. *Private Interest Factors*

As with the *forum non conveniens* analysis overall, when weighing private interests, a "plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947), especially where plaintiff is a U.S. Citizen. *See SME Racks*, 382 F.3d at 1101. Private-interest factors include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Am. Dredging Co. v. Miller,* 510 U.S. 443, 448 (1994) (quotation omitted).

*First,* Defendant argues "key fact witnesses involved in the subject incident are located all over the world (e.g., crew, alleged assailant, human resources, Vessel owner) and are non-U.S. Citizens." [DE 67] p. 6. "Perhaps the most important private interest of the litigants is access to evidence." *See Ford v. Brown,* 319 F.3d 1302, 1308 (11th Cir. 2003) (cleaned up). But Defendant's conclusory statement does not suffice to meet Defendant's heavy burden of showing the evidence is centralized in Antigua. Defendant does not identify any of the key fact witnesses by name or position, attest to their residence in Antigua with affidavits, anticipate the basic topics of their testimony, or explain how these unidentified witnesses would be critical to their case. And in fact, it appears that all witnesses are readily available. Plaintiff produces evidence that the alleged assaulter was in the United States for weeks following the Vessel arrest. *See Hatami Declaration* [DE 76-4]. Further, in this action, Defendant has already procured sworn declarations from Heather Charters (HR) [DE 60-1], Lisa Sergard (stewardess) [DE 70-1], Nick Riley (Captain) [DE 60-2], and Maurice Byrne (sole manager of the LLC that owns the Vessel) [DE 67-1] with

5

relative ease. Accordingly, Defendant has not met its burden to provide "positive evidence of unusually extreme circumstances" that would permit dismissal. *See SME Racks*, 382 F.3d at 1101.

*Second,* Defendant argues for dismissal because of Defendant's location. Defendant contends that EALU MI, LLC, the Vessel owner, is a company organized under the laws of the Marshall Islands, that the M/Y EALU is flagged in St. Vincent & the Grenadines, that the Vessel has never engaged in any charter within the United States, and that EALU MI LLC. has no offices or employees in the United States.

A court considering a motion to dismiss for *forum non conveniens* does not assign "talismanic significance to the citizenship or residence of the parties." *King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1383 (11th Cir. 2009) (quotation omitted). Instead, "the appropriate inquiry is indeed convenience." *Id.* While true that Defendant EALU MI, LLC is a Marshall Islands corporation, the entity has enough ties to the United States such that litigation in the United States is not manifestly unjust. Plaintiff asserts that Defendant, EALU MI, LLC, is the Marshall Islands shell corporation of EALU LLC, a Delaware corporation with a place of business in Plano, Texas. *See* [DE 76-1], [DE 76-5]. Defendant also brought its Vessel into the waters of the United States, which was arrested in Florida. Plaintiff produces evidence that the M/Y Ealu website advertises cruises in and around U.S. ports. Plaintiff also produces evidence that EALU MI, LLC's telephone number to obtain information about chartering the boat is a 954-area code, designating Broward County, Florida, and advertises its "Summer Port" as Fort Lauderdale, Florida. Also, in this instant action, Defense counsel represented that the Vessel intended to have engine maintenance work done in Fort Lauderdale. Accordingly, litigation here would not be so inconvenient "that material injustice is manifest" *SME Racks,* 382 F.3d at 1101.

*Third,* Defendant asserts dismissal is appropriate because the cause of action stemmed from conduct that occurred while the Vessel was docked in Antigua. The Court disagrees. Again, the Court views *forum non conveniens* arguments through the lens of convenience. *See King*, 562 F.3d at 1383. In assessing the litigants' access to sources of evidence, a court must "consider the elements of the plaintiffs' causes of action, consider the evidence necessary to prove or disprove each element, and make a reasoned assessment as to the likely location of such proof." *Aragon v. NCL (Bahamas) Ltd.,* No. 1:24-CV-20670-DPG, 2025 WL 2244060, at *13 (S.D. Fla. July 10, 2025), *report and recommendation adopted*, No. 1:24-CV-20670, 2025 WL 2239259 (S.D. Fla. Aug. 6, 2025) (citation omitted). Plaintiff sues for sexual assault that occurred on the Vessel. If there is evidence to be collected from any particular location with respect to the assault, it would be from the Vessel itself, which regularly enters the waters of the United States, and from employees working on the Vessel. Defendant produces no evidence to suggest that relevant witnesses or events occurred in Antigua, such that they are only accessible there.

Accordingly, Defendant has failed to demonstrate that private factors point to dismissal.

   c. *Public Interest Factors*

Although "private factors are generally considered more important" than public ones, courts should consider both public and private factors "in all cases." *Leon*, 251 F.3d at 1311. There are several factors to consider:

> the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness in burdening citizens in an unrelated forum with jury duty.

*Piper,* 454 U.S. at 241 n. 6 (internal citation omitted). In weighing these factors, the Court must consider the "sovereigns' interests in deciding the dispute." *See SME Racks*, 382 F.3d at 1104.

7

(quoting *Republic of Panama, v. BCCI Holdings (Luxembourg) S.A.,* 119 F.3d 935, 953 (11th Cir. 1997)).

In support of the public interest factors, Defendant argues "Florida has no legitimate public interest in adjudicating an alleged foreign tort involving foreign parties aboard a foreign-flagged vessel. Antigua, on the other hand, has a sovereign interest in resolving an alleged sexual assault that occurred entirely within its territory." The Court disagrees. As an initial matter, "the relevant forum for purposes of the federal [*forum non conveniens*] analysis" is not Florida, but the "United States as a whole." *Wilson v. Island Seas Invs., Ltd.*, 590 F.3d 1264, 1271 (11th Cir. 2009) (quotation omitted). Plaintiff is a United States Citizen, and there is "a strong federal interest" in ensuring U.S. plaintiffs "get to choose an American forum for bringing suit, rather than having their case relegated to a foreign jurisdiction." *See SME Racks*, 382 F.3d at 1104 (quotation omitted). Thus, that Plaintiff has U.S. Citizenship suffices to establish the United States' interest in this controversy.[4]

  d. *Reinstatement*

The final step is to ensure that the plaintiff could reinstate her suit in the alternate forum without undue inconvenience or prejudice. *See Leon*, 251 F.3d at 1311. Defendant stipulates it is amenable to service in Antigua and waives any applicable statute of limitations. Still, the Court nonetheless finds, for the foregoing reasons, that dismissal is not appropriate.

---

[4] Plaintiff's Response includes a *Lauritzen–Rhoditis* choice-of-law analysis. This discussion is misplaced. The *Lauritzen–Rhoditis* analysis sets out a framework for determining which nation's substantive law governs a maritime dispute with foreign contacts but are not instructive when deciding the appropriate forum of a case. *See generally*, *Lauritzen v. Larsen*, 345 U.S. 571 (1953); *Hellenic Lines Ltd. v. Rhoditis*, 398 U.S. 306 (1970). Accordingly, the Court will not consider this aspect of Plaintiff's Response, but ultimately agrees with Plaintiff's overall position.

## IV.   CONCLUSION

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss [DE 67] is **DENED**.

2. Defendant shall file an Answer to the Complaint by September 10, 2025.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida this 27th day of August, 2025.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies to

Counsel of record